The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Lawrence B. Shuping, Jr., the briefs and oral arguments before the Full Commission. The appealing party has shown good ground to reconsider the evidence on the limited issue of their right to recover from Defendant Doug Stanley. Having reconsidered the evidence, the Full Commission enters an Opinion and Award on the limited issue of liability as between the Defendants.
 * * * * * * * * * * *
Based upon all of the competent evidence of record, the Full Commission makes the following:
 FINDINGS OF FACT
1. Defendant-employer Doug Stanley Trucking Logging Company (Doug Stanley) has intermittently been in the logging business for the last twenty-six years. Since 1987, Doug Stanley has intermittently been in the over-the-road trucking business leasing its vehicles to different trucking companies, including Johnson Motor Lines and Golden Triad from 1987 to 1988, Joseph Land in 1993 and Defendant J. L. Rothrock, Inc. at the time in question.
2. Doug Stanley leased tractor unit 129 to J.L. Rothrock, Inc. for a period of one year beginning on 9/16/93. Carzell Harris was the driver Doug Stanley provided for this leased tractor. However, Carzell Harris was not a party to the Lease Agreement.
3. Defendant, J. L. Rothrock, Inc. (Rothrock) is a common carrier in Greensboro, North Carolina engaged in the hauling of goods in interstate commerce pursuant to franchise authority from the Interstate Commerce Commission.
4. Doug Stanley initially leased one truck to Rothrock, but ultimately leased all five of his trucks and drivers to Rothrock. These trucks were to be operated under Rothrock `s franchise authority from the Interstate Commerce Commission hauling loads for Rothrock's customers. Both parties regularly employed three or more drivers and, therefore, were subject to and bound by the provisions of the Workers' Compensation Act at the time in question. Rothrock asked Doug Stanley for proof of Workers' Compensation insurance, but never followed up on that request. Rothrock entered a lease agreement without ever obtaining any proof of Workers' Compensation insurance from Doug Stanley. Doug Stanley failed to comply with the provisions of G.S. § 97-93 by having either Workers' Compensation insurance or being a qualified self-insured.
5. Doug Stanley and Rothrock continued their relationship from approximately September 1993 until February 1994 when a dispute arose over Doug Stanley's failure to take withholding taxes out of his drivers salaries.
6. On the night of 16 January 1994, Carzell Harris left his residence in tractor number 129 that Doug Stanley had leased to Rothrock in order to pick up a load of textiles for Rothrock in Anderson, South Carolina, which were to be delivered to one of its customers in Greensboro. Upon delivering the load to Greensboro, Carzell Harris was to pick up another load for Rothrock in Asheboro and deliver it to Greer, South Carolina. During the pendency of the same trip, Carzell Harris was hauling under Rothrock's ICC Franchise Authority, at their direction, and for their benefit. Therefore, he was an employee of Rothrock and Rothrock was primarily responsible for any injuries arising out of and in the course of that employment.
7. Having delivered the load to Greensboro and picked up another in Asheboro, Carzell Harris was on his way to Greer, South Carolina when he was forced to stop his vehicle in the right hand lane of Interstate 1-85 South in the vicinity of Gastonia because of icy road conditions. Another truck stopped behind Carzell Harris' vehicle and a passenger car pulled off the right hand side of the road behind the other truck due to the icy conditions. While stopped at approximately 2:25 p.m. on 17 January 1994, an approaching truck was unable to stop because of the same icy road conditions, lost control, slid into the passenger car stopped on the side of the road knocking it into the truck parked behind Carzell Harris, which in turn struck Carzell Harris' truck. After receiving assistance, Carzell Harris left the scene to continue his route to Greer, South Carolina, but having driven all of the previous night, he stopped approximately twelve miles down the road to eat and rest. Approximately an hour and a half after the accident, Carzell Harris suffered a fatal heart attack.
 * * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. The parties before the Full Commission are subject to and bound by the North Carolina Workers' Compensation Act and the Industrial Commission has jurisdiction over the parties and claims. N.C. Gen. Stat. § 97-2(3), § 97-3, § 97-91
2. Carzell Harris was an employee of J. L. Rothrock, Inc. at the time of his death. N.C. Gen. Stat. § 97-2 (2), Brown v.Truck Lines, 227 N.C. 299, 42 S.E.2d 71 (1947).
3. An employer should not be able to escape liability or obligations through the use of a special contract or agreement if the elements required for coverage of the injured employee would otherwise exist. N.C. Gen. Stat. § 97-6.
 * * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Defendant J.L Rothrock, Inc. is primarily liable to the Plaintiffs for workers' compensation benefits heretofore awarded, the lease agreement notwithstanding.
2. Defendant J.L Rothrock, Inc. shall pay the costs.
This 21st day of June, 1999.
 S/ ___________________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
S/ ___________________ BERNADINE S. BALLANCE COMMISSIONER
S/ ___________________ MARGARET MORGAN HOLMES DEPUTY COMMISSIONER